

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN WALLY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LELAND DUDEK, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　Defendant. | Case No.: 23-CV-0769 W (BLM)<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b) [DOC. 11]** |

　　　Pending before the Court is Plaintiff's counsel, Martha Yancey of Yancey Law, PC ("Counsel"), motion for attorney's fees under 42 U.S.C. § 406(b). Counsel requests $9,150.00 in fees, representing 15.3% of her client's past due benefits. On February 24, 2025, Defendant filed a response taking no position on the request. (*See Def's Response* [Doc. 12].)

　　　The Court decides the matter on the papers submitted, and without oral argument. *See* Civ.L.R. 7.1.d. For the following reasons, the Court **GRANTS** the motion [Doc. 11].

I. **DISCUSSION**

Section 406(b) provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

*Id.* "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir.2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802, (2002)). "The goal of fee awards under section 460(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted." *Thomas v. Colvin*, 2015 WL 1529331, *1 (E.D. Cal. 2015) (citing *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir.1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807).

In evaluating an attorney's fee request, courts "must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gilbrecht*, 535 U.S. at 793, 808). Factors courts may consider in evaluating the reasonableness of the attorney fee award are: (1) the character of the representation; (2) the results achieved; (3) whether the attorney engaged in dilatory conduct; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Thomas*, 2015 WL 1529331, *2 (citing *Crawford*, 586 F.3d at 1148).

Here, Plaintiff entered into a contingency-fee agreement (the "Agreement") with Counsel. (*See Agreement* [Doc. 11-2].) The Agreement provides that Plaintiff agrees "that my attorney shall charge and receive as the fee an amount equal to twenty-five

2

percent (25%) of the past-due benefits that are awarded . . . ." Despite being entitled to 25%, Counsel's requested attorney fee amounts to 15.3% of Plaintiff's award.

There is also no dispute that Counsel was successful in obtaining a favorable result for Plaintiff in this case by securing a remand to the Commissioner to hold a new hearing and issue a new decision. (*Order* [Doc. 9] 1:25–2:3.) On remand, the Commissioner granted Plaintiff's application for benefits and awarded him $59,099.00 in past-due benefits. (*Notice of Award* [Doc. 11-1] at p.3.) Based on these facts, there is no indication of substandard performance or dilatory conduct by counsel. Additionally, Counsel has persuasively argued that her de facto hourly rate of $1,326, while on the high end, nevertheless compares favorably with rates awarded by other courts in this District. *See Watkins v. O'Malley*, 2024 WL 2702444, * 2 (S.D. Cal., May 24, 2024) (approving effective hourly rate of $1,566.00 and noting that "several cases have found rates of $1300 - $1600 to be appropriate, including cases in this district. [Citations omitted.]").

For all these reasons, the Court will grant the motion.

## II. CONCLUSION & ORDER

For the reasons stated above, the Court **GRANTS** Petitioner Martha Yancey's motion for attorney's fees under 42 U.S.C. § 406(b) [Doc. 11]. Defendant is **ORDERED** to pay $9,150.00 directly to Martha Yancey, Yancey Law, PC within 90 days from the date of this order.

**IT IS SO ORDERED.**

Dated: March 10, 2025

Hon. Thomas J. Whelan
United States District Judge